NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO ORTEGA CHAVEZ, AKA Eduardo Chavez, AKA Eduardo Chavez-Ortega, AKA Edwardo Chavez-Ortega, AKA Eduardo Chavis-Ortega, AKA Eduardo Ortega, AKA Eduardo Ortega Chavez, AKA Sapo, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.    18-71575 Agency No. A076-694-022 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Eduardo Ortega Chavez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Ortega Chavez fails to challenge the agency's determination that he was convicted of a particularly serious crime and is therefore ineligible for asylum and withholding of removal. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, Ortega Chavez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Ortega Chavez failed to show it is more likely than not he will be tortured if returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

We reject Ortega Chavez's contention that the agency violated his due

process rights by failing to consider his evidence. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**